BALL v. IMPROVED PROPERTY HOLDING CO. OF NEW YORK.

EQUITABLE TRUST CO. OF NEW YORK v. IMPROVED PROPERTY HOLDING CO. OF NEW YORK et al.

In re HOWLAND.

(Circuit Court of Appeals, Second Circuit.   January 12, 1915.)

No. 120.

1. RECEIVERS ☞162—INCOME—DISPOSITION—MORTGAGES—PRIORITIES.

When a receiver of a corporation's property was appointed, a mortgage on a part of the property was in default, but unsecured creditors believed, if a foreclosure could be delayed, that a settlement and reorganization could be arranged, and the business carried on successfully. By agreement of the complainant, defendant, the receivers, and committees for all classes of bondholders, an order was accordingly made setting aside 10 per cent. of the gross rents and income of the property for expenses, and providing for operating and maintenance charges and expenses, and for the use of the remainder to pay ground rent and charges matured and unpaid prior to the appointment of the receivers. *Held*, that this operated to set apart the rents of the mortgaged property for the payment of the mortgage, and hence a separate receiver subsequently appointed for the mortgaged property was entitled to the rents from such property due prior to the receivership in preference to a receiver for the general creditors.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. § 277; Dec. Dig. ☞162.]

2. APPEAL AND ERROR ☞1008—REVIEW—QUESTIONS OF FACT.

Where the District Judge, who heard a petition by a receiver for the general creditors of the property of a corporation to compel receivers of property covered by a mortgage to turn over to him certain rents, was familiar with all the prior proceedings, his statement that the disposition

of such rents was with the consent of the petitioning receiver's predecessors in office, must be accepted.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3955–3960, 3962–3969; Dec. Dig. ☞1008.]

3. RECEIVERS ☞67—RIGHT TO PROPERTY—PRIORITIES.

A petition by the receiver for the general creditors of the property of a corporation to compel the receivers of the property covered by a mortgage to turn over to him certain rents was properly denied, where the money had already been spent and accounted for under the court's direction.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 117–122; Dec. Dig. ☞67.]

Appeal from the District Court of the United States for the Southern District of New York.

On appeal from an order of the District Court for the Southern District of New York denying the application of Silas W. Howland, as receiver for the general creditors of the property of the Improved Property Holding Company of New York which is not covered by the mortgages of the said company, to compel the receivers of the property of the said company which is covered by its mortgage of June 1, 1906, to turn over to him certain assets which are in his possession.

William M. Chadbourne and Walter Ralston Nelles, both of New York City, for receiver.

Henry H. Pierce, Garrard Glenn, and Edward H. Green, all of New York City, for committee of Series A bondholders.

Before LACOMBE, COXE, and ROGERS, Circuit Judges.

PER CURIAM. [1] The present controversy relates to the disposition of a sum approximating $8,000, which is made up of various items due to the mortgagor—the Improved Property Holding Company—for rent from its tenants prior to May 21, 1912, when the order appointing Burlingham and O'Donohue temporary receivers was made. By this order they were "authorized to collect the rents, income, tolls, and profits of the said premises and property." This order was continued May 31, 1912, and Robert E. Dowling, an additional receiver, was appointed. They were again appointed receivers of "all the property of said defendant, real, and personal and mixed, of whatsoever kind and description, * * * including * * * rents, issues, profits, and income accruing and to accrue. * * *" It provided further:

"That the said receivers be and they hereby are authorized to run, manage, and operate the said buildings and properties, to collect the rents, income, and profits of the said buildings and properties, acting in all things subject to the supervision of this court."

The first question therefore is: To whom do these sums due for rent prior to the receivership belong? If they were covered by the mortgage of the so-called A properties, they obviously belong to the A receivers; if not so covered, they would, with equal certainty, belong to the Property Holding Company and its receiver. There was a controversy between the A receivers and the general receiver as to

the ownership of these rents. When the Ball suit was instituted in May, 1912, the A mortgage was in default, and a foreclosure action could have been commenced at any time. But the unsecured creditors believed, if such an action could be delayed, that a settlement and a reorganization could be arranged, and the company's business carried on successfully in the future. It was hardly to be supposed, however, that the A bondholders would agree to such a delay, unless some consideration was offered them for their forbearance.

That a modus vivendi was agreed upon is evidenced by the order of June 17, 1912, by which the receivers, after setting aside 10 per cent. of the gross rents and income of the property for expenses and providing for operating and maintenance charges and expenses, were to use the remainder of the fund to pay ground rent and charges matured and unpaid prior to the appointment of the receivers. This order was consented to by the complainant, defendant, the receivers, and the committees for all classes of bondholders, and it is not easy to see why it did not operate to set apart the rents of the A properties for the payment of the A mortgage. It seems to us entirely clear that the sum in question was turned over to the receiver of the properties as a part of the agreement that more time should be given in which to effect a reorganization, that it was an entirely fair and reasonable thing to do, and cannot now be repudiated by those who received the benefit.

[2] Judge Hough, who heard the petition of Mr. Howland in the District Court, was familiar with all the prior proceedings and we must accept his statement that the actual disposition of the past-due rents was made with the consent of the receivers who preceded Mr. Howland in office. In short, we cannot resist the conclusion that the situation was well known to all the creditors, and that with full knowledge of the fact and with the hope that a settlement could be arranged they consented that the A bondholders should not by delay lose the benefit of the rents.

[3] Another exceedingly practical reason why the money which the petitioner seeks to reach cannot be paid is that it has already been spent and accounted for under the direction of the court.

The order is affirmed, with costs.